UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL BUCHANAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> KOOTENAI COUNTY, a municipal corporation, et al., <br><br> Defendants. | Case No. 2:23-cv-00097-DCN <br><br> **ORDER** |

## I. INTRODUCTION

Plaintiff Paul Buchanan has sued several law enforcement officers and local counties under provisions of Idaho law and federal law. *See* Dkt. 2-1. On March 3, 2023, Buchanan filed a Motion to Waive Bond or Set at $0. Dkt. 2. For the reasons below, the motion is DENIED, and Buchanan's bond is set at $1,500.

## II. DISCUSSION

Idaho law requires a plaintiff bringing a civil action against a law enforcement officer to post a bond. Idaho Code § 6-610(2). This requirement serves two purposes: (1) "to ensure diligent prosecution" of the suit, and (2) to reimburse the officer for fees and costs, should the plaintiff lose. *Id*. The bond requirement, however, can be waived if the plaintiff is indigent. *See* Idaho Code § 31-3220(2) (authorizing court to waive costs, fees,

and securities for indigents); *Taysom v. Bannock County*, 2012 WL 397734 (D. Idaho 2012) (applying § 31-3220(2) to requirement to post bond under § 6-610(2)). The court can waive the bond if (1) "the [plaintiff] files an affidavit that he is indigent" and (2) "[t]he court finds, after informal inquiry, that the person is indigent for the purpose of prepayment of fees, costs or security." Idaho Code § 31-3220(2).

In determining whether a plaintiff is indigent, courts distinguish between being financially strapped and being indigent. *See, e.g., Raymond v. Sloan*, 2013 WL 6405020 (D. Idaho 2013). In *Sloan*, for example, the plaintiff's monthly income was $4,800, his monthly expenses were $4,400, and his mortgage was $160,000. *Id*. Additionally, the plaintiff "was underwater on [his] residence," and had other debts amounting to $62,500. *Id*. The Court concluded that the plaintiff "[was] financially strapped but not indigent" and set the bond at $500. *Id*.

Similarly, in *Johnson v. Jones*, the Idaho Supreme Court affirmed the trial court's determination that the plaintiff was not indigent even though his net, after-tax monthly income was $1,334 (most of which was social security payments), ten percent of his income was donated to his church, and $800 was pledged to support a college. 671 P.2d 1065, 1066 (1983). The supreme court emphasized that the plaintiff "make[s] no claim [he] cannot borrow funds." *Id*.

In this case, Buchanan has filed an affidavit representing that he makes "approximately $65,000 a year." Dkt 4, at 2. He does not specify whether this income is pre- or post-tax. Buchanan has a $120,000 mortgage on his house, owes about $30,000 on his truck, and has about $1,300 in credit card debt. *Id*. His monthly expenses (including his

mortgage payment) total $3,968.15, leaving him with "not much" disposable income. *Id*. Buchanan does not allege that he is behind on his mortgage, car, or credit card payments, and he does not claim that he is unable to borrow money.

The Court rejects Buchanan's contention that he is indigent. His yearly income is significant (whether pre- or post-tax), and his monthly expenses are less than his monthly income (otherwise, he would not have any disposable income). Unlike the defendant in *Sloan*, Buchanan is not "underwater on his residence" or otherwise in arrears. Finally, Buchanan does not allege that he cannot borrow money. The Court recognizes that Buchanan is probably unable to post a bond sufficient to reimburse the costs and fees of the officer-defendants, should they prevail in the action, but he can post a bond sufficient to defray those potential costs and fees. He can also post a bond sufficient "to ensure diligent prosecution" of his suit. Idaho Code § 6-610(2). Therefore, the Court DENIES Buchanan's motion and sets his bond at $1,500.

### III. ORDER

1. Buchanan's Motion to Waive Bond or Set at $0 (Dkt. 2) is DENIED.
2. Buchanan will secure and post a bond in the sum of $1,500.00 pursuant to Idaho Code Section 6-610 within 30 days from the date of this order.
3. Buchanan must file the Complaint and pay the associated filing fee within the statute of limitations. The matter will be stayed until the bond is posted but for no longer than 30 days. Once the bond is posted, Buchanan may serve the Complaint upon the proper parties consistent with the rules.

4. If the bond is not posted within 30 days of the date of this order, the Complaint may be dismissed without further notice.

DATED: March 20, 2023

_____
David C. Nye
Chief U.S. District Court Judge