UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL BUCHANAN,<br><br>    Plaintiff,<br><br>v.<br><br>KOOTENAI COUNTY; KOOTENAI COUNTY SHERIFF'S OFFICE; KOOTENAI COUNTY CORRECTIONAL FACILITY; CORRECTIONAL HEALTH PARTNERS, LLC; the city of COEUR D' ALENE; COEUR D'ALENE CITY POLICE DEPARTMENT; All in their individual and official capacity; SHERIFF ROBERT NORRIS; MATT SYCHLA; TIM CLANIN; JUSTIN BANGS; JARED RENEAU; J. BARBER, CORRECTIONAL HEALTH PARTNERS, LLC; DEPUTY R. KINNEY; DEPUTY SMIT, DEPUTY C. SHAUER; DEPUTY WEBB; DEPUTY BONDS; DEPUTY M. COCHRAN, SGT. S. WARD; SGT. R. LAFLEUR; SGT. GHAN; DEPUTY WHIPPLE; SGT. B. COX; SGT. S. MALCOM; SGT N. NORRIS; DEPUTY J. EKSTROM; SGT. BOOTS; SGT. PETERSON; DEPUTY BOLSTER; DEPUTY MAURER; DEPUTY CONDON; DEPUTY SCHAUER; DEPUTY ALLEMAND; DEPUTY B. MORENO; DEPUTY COATES; DEPUTY J. ELLIOT; DEPUTY J. MAGANAS; DEPUTY C. LAW; MARIAH MEYER; JESSICA MELVIN; SARA MAURER; MONIQUE MINAS; JOHN BLANCHARD; JENNIFER MIX; JULIA SMITH; LORI WOODRUM; ELIZABETH GAYLE; MILISSA PRILLAMAN and JOHN AND JANE DOES I-XX,<br><br>    Defendants. | Case No. 2:23-cv-00097-AKB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

**ORDER GRANTING MOTIONS TO DISMISS – 1**

Pending before the Court is the Motion to Dismiss of Defendants John Blanchard, Lori Woodrum, Mariah Meyer, Monique Minas, Jennifer Mix, Sara Maurer, and Jessica Melvin; the Motion to Dismiss of Defendant Millissa Prillaman; and the Motion to Dismiss of Defendant Julia Smith (Dkts. 46, 56, 59). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court hereby grants all three motions to dismiss.

## I.   BACKGROUND

This 42 U.S.C. § 1983 action arises from Paul Buchanan's arrest on March 25, 2021, and his subsequent detention at the Kootenai County Jail through April 1 (Dkt. 35 ¶¶ 137, 163, 184). On March 22, 2023, Paul Buchanan filed the Complaint against Defendants Kootenai County, Kootenai County Sheriff's Office, and Kootenai County Correctional Facility (collectively Kootenai); Correctional Health Partners, LLC (CHP); the City of Coeur d'Alene and Coeur d'Alene Police Department (collectively CDA); and numerous Kootenai County sheriff's deputies (Dkt. 6). Additionally, Buchanan alleged that fictitiously named John and Jane Does I-XX "physical assessed [him] at least twice during his incarceration" and "either failed to properly monitor and assess [his] mental or physical health, or did monitor and assess [his] mental and physical health, but failed to provide him with proper treatment" (*id.* ¶¶ 74–75).

CHP is the private entity which provided healthcare services at the jail at the time of Buchanan's detention. Upon receipt of CHP's initial disclosures and discovery responses, Buchanan learned the identity of the medical staff that CHP allegedly employed—namely

Blanchard, Woodrum, Meyer, Minas, Mix, Maurer, Melvin, Prillaman, and Smith (collectively Defendants) (Dkt. 35 ¶¶ 103, 106, 109, 112, 115, 118, 121, 124, 127, 130; Dkt. 47 at 2–3).

In December 2024, Buchanan moved for leave to amend his complaint to add new defendants (Dkt. 33). After no responses were filed in opposition, the Court granted Buchanan's motion, holding that the original Defendants' nonresponse constituted consent to the motion (Dkt. 34 at 2). On January 14, 2025, Buchanan filed an amended complaint, alleging that, while detained, he received constitutionally inadequate medical care from Defendants (*id.* ¶¶ 210–17, 222, 230–34). Buchanan brought his claims against Defendants both in their individual and official capacities (Dkt. 35). Defendants moved to dismiss all claims brought against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that these claims fail to state viable claims because they are barred by the applicable statute of limitations (Dkt. 46-1 at 7).[1] Further, Defendants move to dismiss the claims brought against them in their official capacities (*id.* at 11).

## II.   ANALYSIS

Defendants argue that the claims brought against them should be dismissed for two reasons: First, Buchanan's claims are barred by the applicable two-year statute of limitations and do not relate back to the original complaint (Dkt. 46-1 at 7). Second, as private individuals, Defendants cannot be sued in their official capacities as a matter of law (*id.* at 11). The Court addresses each argument in turn.

### A.   Statute of Limitations and Relation Back

Defendants argue that the claims brought against them should be dismissed because they are barred by the statute of limitations (Dkt. 46-1 at 7). A § 1983 claim is subject to dismissal

---

[1]   Because the arguments made between the three motions to dismiss overlap, the Court addresses the Rule 12(b)(6) motions collectively.

under Rule 12(b)(6) if it is not brought within the applicable statute of limitations. *Kimes v. Stone*, 84 F.3d 1121, 1128–29 (9th Cir. 1996); *see Jones v. Bock*, 549 U.S. 199, 214–15 (2007). Section 1983, however, does not contain a statute of limitations. *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019). Rather, for purposes of § 1983 actions, federal courts borrow state statutes of limitations for personal injury actions. *Nance v. Ward*, 597 U.S. 159, 174 (2022). In Idaho, personal injury actions have a two-year statute of limitations. Idaho Code § 5-219(4); *see Gibson v. Ada Cnty.*, 133 P.3d 1211, 1219 (Idaho 2006).

While state law governs the statute of limitations in § 1983 actions, federal law governs when the statute of limitations accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000). Thus, the Idaho statute of limitations runs for two years after the claim accrues under federal law.

Here, Defendants argue Buchanan's claims against the Defendants are barred by the applicable two-year statute of limitations (Dkt. 46-1 at 7). The parties do not appear to dispute that the applicable two-year statute of limitations began to run on April 1, 2021—the date Buchanan was released from his detention (Dkt. 46-1 at 8; Dkt. 56-1 at 4; Dkt. 59-1 at 3). Based on this date, the latest statute of limitations period expired on April 1, 2023. While Buchanan's original complaint was timely filed on March 22, 2023, the Defendants were not named until Buchanan filed his amended complaint on January 14, 2025—"nearly two years after the initial Complaint was filed and nearly four years after the underlying events giving rise to the claims" (Dkt. 46-1 at 9, 11). For this reason, Buchanan's claims against Defendants are time-barred unless they relate back to his original complaint.

**ORDER GRANTING MOTIONS TO DISMISS – 4**

1.     **Consent**

Buchanan does not dispute that the applicable statute of limitations is two years. Rather, he argues that Defendants are estopped from challenging the claims' timeliness because they did not oppose his motion to amend his complaint to assert the claims (Dkt. 47 at 4). Buchanan also alleges Defendants' conduct delayed his ability to obtain discovery from CHP because its initial disclosures were insufficient (*id.*). He maintains that he was unable to identify Defendants until CHP cured its initial disclosures in June 2024 (*id.*).

This argument fails because Defendants were not parties to the action when Buchanan moved to amend his complaint. Thus, even if Defendants were aware of the motion, they would have been unable to oppose it. As Defendants correctly note, although CHP was a named party when Buchanan moved to amend his complaint, "[n]o precedent or rule required CHP to raise an argument in response to Plaintiff's Motion to Amend [which was] inapplicable to CHP but applicable to a non-party named in the Amended Complaint" (Dkt. 63 at 4). The Court agrees that CHP did not have an obligation to oppose the proposed amendment on Defendants' behalf and that Defendants did not have the opportunity to oppose the amendment. Accordingly, it concludes Defendants did not consent to Buchanan's claims.

2.     **Relation Back**

Alternatively, Buchanan argues that his claims against Defendants relate back to his original complaint (Dkt. 60 at 6). For an amended complaint to relate back under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, the following conditions must be met: (1) "the basic claim must have arisen out of the conduct set forth in the original pleading"; (2) "the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense"; and (3) "that party must or should have known that, but for a mistake concerning identity, the action would

**ORDER GRANTING MOTIONS TO DISMISS – 5**

have been brought against it." *Engstrom v. Wells*, No. 18-cv-00031-EJL, 2018 WL 4604446, at *2 (D. Idaho Sept. 25, 2018) (quoting *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1202–03 (9th Cir. 2014)). Under Idaho law, the second requirement must have been fulfilled within 182 days after the original complaint was filed. Idaho R. Civ. P. 15(c)(1)(C)(i) (requiring notice). Replacing a Doe defendant with a named defendant is not a "mistake" allowing for relation-back under Rule 15(c)(1)(C). *See Boss v. City of Mesa*, 746 F. App'x 692, 695 (9th Cir. 2018).

The parties do not dispute that the first requirement is satisfied. Rather, Defendants dispute that they received adequate notice such that they would not be prejudiced in maintaining their defenses and that they knew or should have known that, but for a mistake concerning identity, Buchanan would have brought the action against them.

  a. **Notice**

Buchanan cannot establish that Defendants received notice within 182 days of the filing of his original complaint on March 22, 2023, or by September 2023. Defendants maintain that they did not have knowledge that they were named as Doe defendants in the original complaint (Dkt. 46-1 at 10; Dkt. 63 at 5; Dkt. 69 at 4)—a point Buchanan does not address.

Buchanan, however, argues the Court may impute constructive notice to Defendants Prillaman and Smith[2] under a theory of "community of interest" (Dkt. 60 at 4; Dkt. 64 at 6). That theory provides that when a party to be substituted into the complaint as a defendant is "so closely related in their business operations or other activities" with a party who did receive notice, "the

---

[2] In response to Defendants' first motion to dismiss (Dkt. 46), Buchanan argued only that their non-response should be deemed to be consent to his motion to amend (Dkt. 47 at 5). Buchanan did not raise the community of interest theory until Defendants Prillaman's and Smith's motions (Dkt. 60 at 4; Dkt. 64 at 4). Buchanan bears the burden of proving the existence of a community of interest between an original defendant and a new defendant. Because this theory is fact-dependent and Buchanan did not raise it in his response, the Court does not address it here.

institution of an action against one serves to provide notice of the litigation to the other." *Blackhawk v. City of Chubbock*, No. CV-04-629-BLW, 2005 WL 3244406, at *2 (D. Idaho Nov. 21, 2005). In determining whether a community interest exists, the Court looks at whether the original and added defendants shared an employer–employee relationship and whether they were represented by shared counsel. *Vera Castrejon v. Ivy Med., PLLC*, No. 21-CV-00354-AKB, 2024 WL 1975661, at *6–7 (D. Idaho May 3, 2024); *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994).

Buchanan cites *Blackhawk* and *Rodriguez v. Rodriguez*, No. 15-CV-00296-CWD, 2017 WL 1025666 (D. Idaho Mar. 16, 2017), in support (Dkt. 60 at 5). In *Blackhawk*, the day before the statute of limitations expired, plaintiffs filed a § 1983 action against the City of Chubbuck, City employees, and ten John Doe defendants. *Id.* Later, the plaintiffs moved to amend their complaint to add three additional defendants, who were officers for the City. *Id.* The Court found these newly named defendants received sufficient notice under Rule 15(c) because they were employees of the City and shared the same counsel with the City. *Blackhawk*, 2005 WL 3244406, at *2. Similarly, the Court in *Rodriguez* held that the moving defendants had notice, despite not being named in the original complaint, because their employer was properly served. 2017 WL 1025666, at *8.

Here, Buchanan argues that because CHP was timely served on April 19, 2023 (Dkt. 16 at 2),[3] Defendants Prillaman and Smith had constructive notice (Dkt. 60 at 6). Buchanan, however, fails to allege that Defendants were CHP employees at that time. Like the defendants in *Vera Castrejon*, Defendants Prillaman and Smith were not employees of any of the original defendants

---

[3]   While Defendant CHP was properly served on April 19, 2023, CHP stated it was unaware of the action until January 18, 2023, when it received a copy of Buchanan's motion for entry of default (Dkt. 17 at 2). Finding good cause existed for CHP's failure to respond, the Court denied Buchanan's motion (Dkt. 20).

**ORDER GRANTING MOTIONS TO DISMISS – 7**

(*see* Dkt. 63 at 7 (declaring Defendant Prillaman was employed by a separate staffing agency that contracted with CHP and thus "has never been an employee of CHP"); Dkt. 69 at 4 (stating Defendant Smith no longer worked for CHP at the time the original complaint was filed)). Additionally, Defendant Prillaman has different counsel than Defendant CHP (*compare* Dkts. 21, 22, 26, *with* Dkt. 62). *See also Vera Castrejon*, 2024 WL 1975661, at *7 (holding no community of interest when moving defendant was not represented by same counsel as any original defendants). Thus, Defendants Prillaman and Smith's relationship with CHP is insufficient to find a community of interest.

        **b.**        **Mistake**

The final requirement considers whether Defendants knew or should have known, within the statute of limitations period, that Buchanan would have brought the action against them but for a mistake concerning their identity. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii); *Schiavone v. Fortune, Inc.*, 477 U.S. 21, 30–31 (1986). In the Ninth Circuit, the mistake requirement is construed more liberally than in other circuits. *Blackhawk*, 2005 WL 3244406, at *3. An amendment is permitted if the plaintiff identifies previously unknown defendants after the statute of limitations ran, and the defendants knew or should have known they would have been added, but for the mistake. *Id.*; *see also Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 856 (D. Ariz. 1999). A defendant "should have known" he would have been named as a defendant if, upon receiving notice of the action, the original complaint "specifically described" his role in the alleged wrongdoing such that it was clear the plaintiff intended to name him. *Blackhawk*, 2005 WL 3244406, at *3.

Here, Buchanan maintains that he was not aware of Defendants' actual identities until he reviewed Defendant CHP's initial disclosures and discovery responses (Dkt. 47 at 2–3); (Dkt. 60 at 3–4). In anticipation of discovery of such information, Buchanan named Doe defendants to

**ORDER GRANTING MOTIONS TO DISMISS – 8**

account for wrongs that CHP's anonymous staff allegedly committed (Dkt. 64 at 6). Buchanan received CHP's initial disclosures June 19, 2024, and its discovery responses on September 24 (Dkt. 47 at 2–3). He sought to amend his complaint to add Defendants on December 23 (Dkt. 33); (Dkt. 60 at 6).

Replacing a "John Doe" defendant with the actual name of a defendant is not a "mistake" that allows relation back under Rule 15(c)(1)(C). *See Boss*, 746 F. App'x at 695; *Butler*, 766 F.3d at 1203–04. The Ninth Circuit, however, has not yet considered whether lack of knowledge resulting in a "John Doe" pleading constitutes a mistake regarding identity. *Rodriguez*, 2017 WL 1025666, at *7. Assuming the Ninth Circuit's liberal mistake requirement permits such a mistake, Buchanan fails to establish that Defendants Prillaman and Smith *knew or should have known* the action would have been brought against them.

Buchanan again relies on *Blackhawk* and *Rodriguez* for the proposition that naming Doe defendants was a "mistake" that permitted plaintiffs to substitute Defendants' actual identities "now that defendants have finally provided the information necessary to identify them," despite an otherwise expired limitations period. *Blackhawk*, 2005 WL 3244406, at *3; *Rodriguez*, 2017 WL 1025666, at *7. As discussed above, this reliance is misplaced because those cases are distinguishable from this case. In each of those cases, the court found the defendants "should have known they would have been named as defendants in this action, but for their identification as 'Does'" because the original complaint "specifically described" the defendants' roles in the alleged incident, making it clear that the plaintiff "intended to name them as defendants." *Rodriguez*, 2017 WL 1025666, at *8.

The Court's decision in *Vera Castrejon* is instructive. There, the Court noted that a defendant cannot satisfy the mistake requirement under Rule 15(c)(1)(C)(ii) unless the original

**ORDER GRANTING MOTIONS TO DISMISS – 9**

complaint "specifically allege[d] [d]efendants' conduct in the original complaint in a manner that would or should have indicated to them they were the proper defendants." *Vera Castrejon*, 2024 WL 1975661, at *7. The Court held that the plaintiff failed to satisfy this requirement because the complaint "only allege[d] very generally in his original complaint that fictitiously named Doe defendants 'provided medical care on behalf of Defendant County to inmates.'" *Id.* at *7 (citation modified).

Here, Buchanan makes no attempt to explain how his complaint "specifically described" Defendants Prillaman and Smith's roles in the alleged incident in a way that made it clear that he intended to name them as defendants. There are two instances in Buchanan's original complaint where he arguably references Defendants: First, he alleges that "Kootenai and Jail medical staff, including, but not limited to Defendant(s) listed as Jane and John Doe I-XX physically assessed Mr. Buchanan at least twice during his incarceration, on or around March 26, 2021, and again on or around April 1, 2021" (Dkt. 6 ¶ 74). Second, Buchanan alleges that this same staff either failed to properly monitor and assess his health or failed to provide him with proper treatment (*id.* ¶ 75). Like the complaint in *Vera Castrejon*, these allegations are far too generalized to make it clear that Buchanan intended to name Defendants. Because Buchanan has failed to establish that his claims against Defendants relate back to his original complaint, the two-year statute of limitations bars his action against them.

**B.     Claims Against Defendants in Their Official Capacities**

An alternative basis to dismiss Buchanan's claims against Defendants is that Buchanan cannot sue private individuals in their official capacities because such official capacities do not exist (Dkt. 46-1 at 11). Buchanan asserts that the Court should hold in abeyance any decision to dismiss his official capacity claims until further discovery allows him to "discern whether any of the Defendants acted in a supervisory/official capacity which would trigger supervisor liability

ORDER GRANTING MOTIONS TO DISMISS – 10

under § 1983" (Dkt. 60 at 7). The parties do not dispute that Defendants can be liable in their individual capacities (Dkt. 46-1 at 11). Thus, the crux of the dispute centers on whether private individuals can be liable in their official capacities if they acted as a supervisor.

Section 1983 provides a means to sue individuals acting under color of state law in their individual, but not official capacities. *See, e.g.*, *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (providing that "persons" under § 1983 means only "state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself"); *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) ("Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."). Private corporations and individuals do not have "official capacities" for purposes of § 1983. *Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007) ("the record shows that the defendants were employees of private companies, not a state or local government, so the defendants had no official capacities in which they could be sued."); *Jones v. Barry*, 33 F. App'x 967, 971 & n.5 (10th Cir. 2002) (holding private prison defendants "do not have an 'official capacity'" for Eleventh Amendment purposes even though they can be liable under § 1983 for acts committed under color of law). Here, Defendants are private individuals who were either employed by or contracted with CHP. Accordingly, Buchanan cannot sue Defendants in an official capacity.

Attempting to sidestep Defendants' arguments, Buchanan cites two Ninth Circuit cases that stand for the proposition that "a supervisor can be liable *in his individual capacity* for his own culpable action or inaction in the training, supervision, or control of his subordinates." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011); *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020). The common thread in these cases is that the plaintiffs sought to impose liability on a

**ORDER GRANTING MOTIONS TO DISMISS – 11**

government official in his *individual capacity*, rather than his official capacity. *Vazquez*, 949 F.3d at 1157 (juvenile corrections officer defendant); *Starr*, 652 F.3d at 1204 (county sheriff defendant). Buchanan does not cite to, nor is the Court aware of any case where a private individual had supervisory liability. Even if such authority existed, the result would be that the private individual would be liable in his individual capacity.

Moreover, even if Buchanan could assert claims against Defendants in their official capacity, those claims are duplicative of Buchanan's claims against CHP. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Thus, claims against individuals in their official capacities are duplicative when the entity of which the officer is an agent is itself also being sued. *R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1222–23 (9th Cir. 2023); *see, e.g.*, *Millward v. Bd. of Cnty. Comm'rs*, No. 17cv117, 2018 WL 9371573, at *7–8 (D. Wyo. Oct. 19, 2018) (dismissing official capacity claims against prison nurses as "duplicative of the § 1983 official-capacity claims against [the sheriff] and [county]"); *Gibson v. Emps., Supervisors Adm. of Drs. Nurses E. Elmhurst Hosp Med Students*, No. 1:19-CV-0204, 2020 WL 5645983, at *6 n.7 (S.D.N.Y. Sept. 21, 2020) ("Plaintiff's claims against [medical] staff members in their official capacities are thus redundant of claims that Plaintiff can assert against [the hospital]."). Thus, the claims against Defendants in their official capacity are duplicative of Buchanan's claims against Defendant CHP.

Therefore, Buchanan's claims against Defendants in their individual capacity are barred by the applicable statute of limitations and the claims against Defendants in their official capacities fail to state a claim. Accordingly, Buchanan's complaint as to Defendants must be dismissed.

### C.     Leave to Amend

Rule 15 states that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court, however, "need not grant leave to amend where the amendment is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation modified). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal." *Woods v. First Am. Title, Inc.*, No. CV111284, 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011). Here, Buchanan fails to state a claim because his claims are barred by the statute of limitations. Thus, any future amendment would be futile. Accordingly, the Court declines to grant leave to amend.

### III.     ORDER

**IT IS ORDERED that:**

1.     Motion to Dismiss From Defendants John Blanchard, Lori Woodrum, Mariah Meyer, Monique Minas, Jennifer Mix, Sara Maurer, and Jessica Melvin (Dkt. 46); Motion to Dismiss from Defendant Millissa Prillaman (Dkt. 56); and Motion to Dismiss from Defendant Julia Smith (Dkt. 59) are **GRANTED** as follows:

　　　a.     Plaintiff's individual capacity claims against Defendants John Blanchard, Lori Woodrum, Mariah Meyer, Monique Minas, Jennifer Mix, Sara Maurer, Jessica Melvin, Millissa Prillaman, and Julia Smith are **DISMISSED WITH PREJUDICE**.

      b.     Plaintiff's official capacity claims against Defendants John Blanchard, Lori Woodrum, Mariah Meyer, Monique Minas, Jennifer Mix, Sara Maurer, Jessica Melvin, Millissa Prillaman, and Julia Smith are **DISMISSED WITH PREJUDICE**.

DATED: February 20, 2026

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge